```
                    United States District Court
                      District of Massachusetts
_____
                                    )
Ludner Imbert,                      )
                                    )
        Petitioner,                 )
                                    )
        v.                          )    Civil Action No.
                                    )    19-10050-NMG
Steven Kenneway,                    )
                                    )
        Respondent.                 )
_____ )
```

**MEMORANDUM & ORDER**

**GORTON, J.**

This case arises from the pro se petition of Ludner Imbert ("Imbert" or "petitioner") for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Imbert is currently in state custody, having been convicted of and sentenced for murder, armed assault and possession of a firearm. His conviction and the denial of his motion for a new trial were affirmed by the Massachusetts Supreme Judicial Court ("SJC") in 2018.

The habeas petition was referred to Magistrate Judge Judith G. Dein and, in September, 2021, she entered an Report and Recommendation ("R&R") recommending that this Court deny the petition. She concluded that the decision affirming Imbert's conviction was neither contrary to nor an unreasonable application of federal law. After allowing Imbert's repeated

- 1 -

motions to extend the time to file objections to that R&R and not having received such objections, this Court accepted and adopted the R&R on March 24, 2022. Imbert's objections were ultimately received by this Court on March 28, 2022, five days after they were due, although apparently they were placed in the prison mailbox system on the very day they were due.

On April 4, 2022, Imbert filed the pending motion for reconsideration (Docket No. 49). He contends that reconsideration is necessary because this Court accepted and adopted the R&R without considering his objections. Pursuant Federal Rule of Civil Procedure 72(b)(3), this Court reviews de novo any part of a magistrate judge's recommendation as to which an objection has been properly registered. In contrast:

> [a]bsent objection a district court has a right to assume that the affected party agrees to the magistrate's recommendation. To that effect, only those issues fairly raised by the objections to the magistrate's report are subject to review in the district court and those not preserved by such objection are precluded on appeal.

M. v. Falmouth Sch. Dep't, 847 F.3d 19, 25 (1st Cir. 2017) (quotations omitted). Thus, this Court's standard of review differs depending on whether objections have been filed. Pursuant to the "prison mailbox" rule, Imbert's objections were timely, see DeLong v. Dickhaut, 715 F.2d 382, 385-386 (1st Cir. 2013), and de novo review is thus warranted.

The First Circuit Court of Appeals ("First Circuit") has instructed that motions for reconsideration are appropriate only

> if the moving party presents newly discovered evidence, if there has been an intervening change in the law, or if the movant can demonstrate that the original decision was based on a manifest error of law or was clearly unjust.

United States v. Allen, 573 F.3d 42, 53 (1st Cir. 2009).  Such a motion is "normally not a promising vehicle" for rearguing theories already advanced "[u]nless the court has misapprehended some material fact or point of law." Palmer v. Champion Mortgage, 465 F.3d 24, 30 (1st Cir. 2006).

In effect, the delay between the filing and receipt of Imbert's objections resulted in the application of the incorrect standard of review to the R&R and, thus, reconsideration is not only warranted but has now been rendered.  After undertaking the de novo review required, the Court, nevertheless, accepts and adopts the conclusions reached by the Magistrate Judge based on the substantive reasoning contained in the R&R.

**ORDER**

For the foregoing reasons the motion of plaintiff for reconsideration of this Court's order dated March 24, 2022 (Docket No. 49) is **ALLOWED**.  The petitioner's objections to the Report and Recommendation ("R&R") (Docket No. 48) are, however, **OVERRULED** and the R&R is **ACCEPTED** and **ADOPTED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated April 14, 2022