```
                  United States District Court
                    District of Massachusetts
_____
                                     )
Ludner Imbert,                       )
                                     )
          Petitioner,                )
                                     )
     v.                              )   Civil Action No.
                                     )   19-10050-NMG
Steven Kenneway,                     )
                                     )
          Respondent.                )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

On March 24, 2022, this Court dismissed the habeas petition of Ludner Imbert ("Imbert" or "petitioner"). The First Circuit Court of Appeals ("the First Circuit") subsequently directed this Court to issue or deny a certificate of appealability for his petition. For the following reasons, this Court will deny such a certificate.

**I.   Background**

Imbert is currently in state custody, having been convicted of and sentenced for murder, armed assault and possession of a firearm in 2005 by a jury in Massachusetts Superior Court for Suffolk County. His conviction and the denial of his motion for

a new trial were affirmed by the Massachusetts Supreme Judicial Court ("SJC") in 2018.

In January, 2019, Imbert filed a habeas petition with this Court, which was referred to Magistrate Judge Judith G. Dein. In a thorough Report and Recommendation ("R&R"), Magistrate Judge Dein recommended that this Court deny the petition, concluding that the decision affirming Imbert's conviction was neither contrary to nor an unreasonable application of federal law.  After allowing Imbert's repetitive motions to extend the time to file objections to that R&R and not having received such objections, this Court accepted and adopted it, and entered an order denying Imbert's habeas petition pursuant to 28 U.S.C. § 2254.

Imbert's objections were ultimately received by this Court on March 28, 2022, five days after the last of multiple extensions expired, although apparently they were placed in the prison mailbox system on the very day they were due.  Imbert subsequently filed a motion for reconsideration in light of those objections, which the Court allowed.  After undertaking the de novo review required, however, this Court accepted and adopted the conclusions reached by the Magistrate Judge based on the substantive reasoning contained in the R&R.

## II. Certificate of Appealability

### A. Legal Standard

Section 2253(c) of Title 28 of the United States Code provides that a COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  In order to make a "substantial showing", a petitioner seeking a COA must demonstrate that

> reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.

Slack v. McDaniel, 529 U.S. 473, 484 (2000).  To meet the standard of debatable-among-jurists-of-reason the petitioner must prove "something more than the absence of frivolity or the existence of mere good faith." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003).

### B. Application

Imbert seeks relief pursuant to § 2254 on three grounds, challenging the SJC's conclusions that (1) the trial judge's reconstruction of portions of the trial testimony which had not been transcribed was an adequate alternative to a verbatim transcript and did not violate his constitutional rights, (2) the government's failure to disclose that two witnesses to the shooting had not identified the defendant from photographic

arrays did not violate his due process rights under Brady v. Maryland, 373 U.S. 83 (1963), and (3) the trial court's admission of a statement identifying the defendant as the shooter as an excited utterance did not violate the defendant's rights under the confrontation clause of the Sixth Amendment to the Constitution.

Reasonable jurists would not debate whether Imbert's habeas petition should have been decided differently. The Court considers each of those grounds in turn.

First, as the SJC articulated in assessing Imbert's claim, a defendant is entitled to a "record of sufficient completeness to permit proper consideration of his claims" on appellate review. Commonwealth v. Imbert, 97 N.E.3d 335, 340 (2018), quoting Mayer v. Chicago, 404 U.S. 189, 194 (1971). However, "[a] record of sufficient completeness does not translate automatically into a complete verbatim transcript." Id., quoting Mayer, 404 U.S. at 194. Where transcripts are unavailable at no fault of either party, "some practical accommodations" are constitutionally permissible. Norvell v. State of Ill., 373 U.S. 420, 424 (1963).

> A statement of facts agreed to by both sides, a full narrative statement based perhaps on the trial judge's minutes taken during trial or on the court reporter's untranscribed notes, or a bystander's bill of

>     exceptions might all be adequate substitutes, equally
>     as good as a transcript....

Lugo v. Munoz, 682 F.2d 7, 10 (1st Cir. 1982), quoting Draper v. Washington, 372 U.S. 487, 495-96 (1963).  Thus, to justify a reversal or remand in such circumstances, a petitioner "must show specific prejudice to his ability to perfect an appeal sufficient to rise to the level of a due process violation." Kheireddine v. Gonzales, 427 F.3d 80, 87 (1st Cir. 2005) (quotation and citation omitted).

Although "prejudice is an amorphous concept," Imbert has failed to satisfy that burden. Id.  Here, portions of the trial testimony of two eyewitnesses were not transcribed at no fault of either party.  The petitioner subsequently moved to reconstruct the missing portions of the record and the trial judge reconstructed it based on extensive notes he had taken at trial.  Although the judge did not adopt defense counsel's subsequent annotations to that reconstruction, at no time has Imbert identified any testimony that he believes was inaccurately reconstructed or any excluded objection upon which he wanted to pursue an appeal.  In such circumstances, the trial judge's reconstructed record was sufficient to serve as an adequate substitute for the transcript.

The second ground upon which Imbert seeks relief is the Commonwealth's failure to disclose that two witnesses to the shooting failed to identify the defendant from photographic arrays which he contends violated his due process rights under Brady, 373 U.S. at 83.

> To justify a new trial [based upon a Brady claim], [Imbert] must show that the government's failure to disclose evidence caused him prejudice.  Prejudice occurs where withheld evidence is material.  Evidence is material if there is a reasonable probability that had it been disclosed to the defense, the result of the proceeding would have been different.

United States v. Hall, 557 F.3d 15, 19 (1st Cir. 2009) (quotations and citations omitted); see Strickler v. Greene, 527 U.S. 263, 281.  In its own assessment, the SJC found that the Commonwealth's failure to disclose the relevant information to Imbert was error but concluded that Imbert had failed to prove that it was material. Imbert, 97 N.E.3d at 343.  This Court concurs with that conclusion and finds that no reasonable jurist could debate that determination because neither witness at issue identified Imbert or anyone else as the shooter.  The undisclosed evidence therefore did not support Imbert's defense at trial that he was not the shooter and was not material. See United States v. Garcia-Torres, 341 F.3d 61, 70 (1st Cir. 2003) ("impeachment evidence that is merely cumulative or collateral is insufficient to establish prejudice under Brady.") (quotation

omitted). Also significant is the strength of the Commonwealth's case against Imbert. See Smith v. Cain, 565 U.S. 73, 76 (2012) ("We have observed that evidence impeaching an eyewitness may not be material if the State's other evidence is strong enough to sustain confidence in the verdict.").

Finally, Imbert contends that the trial court erroneously admitted witness testimony based upon the excited utterance exception to the general prohibition on hearsay, thereby violating his constitutional rights. The relevant testimony concerned a statement made by Jeff Jean Charles ("Charles") who did not testify at trial. According to a testifying witness, Charles entered a vehicle in which the witness was a passenger moments after the shooting and declared, "Drive off, drive off, [Imbert] just popped that dude!" The witness also testified that Charles was "anxious", "breathing heavily" and "looking [to] both sides" when he made the statement.

The excited utterance exception permits the introduction of hearsay testimony "relating to a startling event or condition, made while the declarant was under the stress of excitement that it caused." Fed. R. Evid. 803(2). The theory of the exception:

> is simply that circumstances may produce a condition of excitement which temporarily stills the capacity of reflection and produces utterances free of conscious fabrication. Spontaneity is the key factor....

Id. advisory committee's notes.  Although there is no precise method to determine whether a statement classifies as an excited utterance, no reasonable jurist could debate that Charles' purported statement satisfies those requirements.  See McLaughlin v. Vinzant, 522 F.2d 448, 450 (1st Cir. 1975) (finding hearsay statement admissible as excited utterance where declarant came running through door of apartment from which witnesses heard gunshot).  Charles had allegedly observed, just moments earlier, a murder, which is undoubtedly a startling event, and additional testimony supported the belief that Charles was alarmed when he made the statement.  The circumstances at issue were sufficient to "overwhelm" the capacity of Charles "to appreciate long-range use of [his] words" and the statement was thus "properly admissible as an excited utterance. United States v. Brito, 427 F.3d 53, 63 (1st Cir. 2005), citing Crawford v. Washington, 541 U.S. 36, 68 (2004).

    Imbert contends that the statement was inadmissible because his defense at trial was that Charles was the shooter and the statement was therefore self-serving.  While such logic may affect the weight of the statement as evidence, it does not preclude its admission. See United States v. Hayes, No. CV 19-CR-35-01-JL, 2019 WL 3340696, at *3 (D.N.H. July 25, 2019).

**ORDER**

For the foregoing reasons, with respect to Imbert's habeas petition, a certificate of appealability is **DENIED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated May 19, 2022